IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

JUAN PABLO ORNELAS,
RAUL ORNELAS,
MARTIN VALLEJO, and
FAUSTINA VALLEJO,

    Plaintiffs,

v.                                               Case No.: 5:19-cv-104

8A ELECTRIC, INC.,
and JUAN M. OCHOA,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, JUAN PABLO ORNELAS, RAUL ORNELAS, MARTIN VALLEJO, and FAUSTINA VALLEJO (collectively referred to as "Plaintiffs"), by and through their undersigned counsel, hereby sue the Defendants, 8A ELECTRIC, INC., and JUAN M. OCHOA, and in support thereof alleges as follows:

## INTRODUCTION

1.    Plaintiffs bring this action for unpaid wage compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Plaintiffs seek damages for unpaid wages, liquidated damages, and a reasonable attorney's fee and costs.

## JURISDICTION

2.  Jurisdiction is conferred on this Court by Title 28 U S.C. § 1337 and by Title 29 U.S.C. §216(b).

## VENUE

3.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because Defendant, 8A ELECTRIC, INC., has offices located in San Antonio, Texas.

## THE PARTIES

4.  Plaintiff, JUAN PABLO ORNELAS, is an individual who resides in San Antonio, Texas, and worked for Defendants from August 18, 2018, to November 16, 2018, as a laborer and was paid on an hourly basis at the rate of $18.00 per hour.

5.  Plaintiff, RAUL ORNELAS, is an individual who resides in San Antonio, Texas, and worked for Defendants from August 18, 2018, to November 16, 2018, as a laborer and was paid on an hourly basis at the rate of $25.00 per hour.

6.  Plaintiff, MARTIN VALLEJO, is an individual who resides in San Antonio, Texas, and worked for Defendants from September 18, 2018, to November 16, 2018, as a laborer and was paid on an hourly basis at the rate of $19.50 per hour.

Page 3 of 11

7. Plaintiff, FAUSTINA VALLEJO, is an individual who resides who resides in San Antonio, Texas, and worked for Defendants from September 18, 2018, to November 16, 2018, as a laborer and was paid on an hourly basis at the rate of $18.00 per hour.

8. Defendant, 8A ELECTRIC, INC., is a Corporation formed and existing under the laws of the State of Texas and at all times material to this complaint, maintained and operated a business in San Antonio, Texas.

9. Defendant, JUAN M. OCHOA, is a resident of San Antonio, Texas.

## **COMMON ALLEGATIONS**

10. Defendant, 8A ELECTRIC, INC., operates a company primarily engaged in business of commercial contracting services and is an employer as defined by 29 U.S.C. § 203(d).

11. Defendant, 8A ELECTRIC, INC., has employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiffs were employed.

12. At all times material to this complaint, Defendant, 8A ELECTRIC, INC., employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

13. At all times material to this complaint, Defendant, 8A ELECTRIC, INC., was an enterprise engaged in interstate commerce, operating a business

engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

14.     At all times material hereto, Defendant, JUAN M. OCHOA, actively ran the business of Defendant, 8A ELECTRIC, INC., on a day-to-day basis and acted directly or indirectly in the interest of Defendant, 8A ELECTRIC, INC., in relation to Plaintiffs' employment and was substantially in control of the terms and conditions of the Plaintiffs' work.

15.     Plaintiffs were at all times material individually engaged in commerce as their work was directly related to the movement products and information in interstate commerce.  Specifically, Plaintiffs' work involved the construction of cell phone towers.

16.     Defendant, JUAN M. OCHOA, had the ability to hire and fire Plaintiffs; and, controlled Plaintiffs' rate of pay and method of pay, schedule, and conditions of employment and was the Plaintiffs' employer as defined by 29 U.S.C. § 203(d).

17.     Defendants failed to act reasonably to comply with the FLSA, and so Plaintiffs are entitled to an award of liquidated damages in an equal amount as the amount of unpaid wages deemed to be owed pursuant to 29 U.S.C. § 216(b).

18.     Plaintiffs are also entitled to an award of reasonable and necessary

attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

19. Plaintiffs have retained the law firm of Ross Law, P.C., to represent them in this action. Plaintiffs have entered into a valid contract with Ross Law, P.C., and have appointed the undersigned counsel to be their sole agent, attorney-in-fact, and representative in this suit, exclusive of all other parties, including Plaintiffs. To avoid tortious interference with Plaintiffs' obligations to their attorneys in this suit, all communications concerning this suit must be made by Defendants and Defendants' attorneys solely to and through the undersigned counsel. Plaintiffs' contract with and representation by the undersigned attorney gives rise to a claim for reasonable and necessary attorney's fees that Plaintiffs are entitled to collect against Defendants pursuant to 29 U. S. C. § 216(b).

## COUNT I
## UNPAID OVERTIME WAGES

20. Plaintiffs re-allege and incorporate herein paragraphs 1-19, *supra*.

21. During one or more weeks of Plaintiffs' employment with Defendants, Plaintiffs worked in excess of forty (40) hours. Plaintiffs regularly worked in excess of 40 hours per workweek.

22. Throughout the employment of Plaintiffs, the Defendants repeatedly

and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiffs at a rate not less than one and one-half times their regular rate of pay for each hour worked in excess of 40 in a workweek.

23. Defendants had knowledge of and approved such work being performed. The amount of work performed should be readily determined through Defendants' time and payroll records.

24. As a result of Defendants' unlawful conduct, Plaintiffs are entitled to actual and compensatory damages, including the amount of overtime wages which were not paid that should have been paid.

25. The acts described in the preceding paragraphs, *supra*, violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for all hours worked in excess of 40 per workweek.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand Judgment, jointly and severally, against Defendants for the following:

a. Unpaid overtime wages found to be due and owing;

b. An additional amount equal to the amount of overtime wages found to be due and owing as liquidated damages;

c. Prejudgment interest in the event liquidated damages are not awarded;

d. Reasonable attorneys' fees, costs, expert fees, mediator fees and out of pocket expenses incurred by bringing this action pursuant to 29

U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure; and,

e.  For any such other relief as the Court may find proper, whether at law or in equity.

## COUNT II
## MINIMUM WAGE UNDER FLSA

26.  Plaintiffs re-allege and incorporate herein paragraphs 1-19, *supra*.

27.  This is an action for minimum wage compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*.

28.  Plaintiffs worked for Defendants from approximately November 9, 2018, until November 16, 2018, but was not paid the then-current minimum wage of $7.25 per hour for all hours worked during the workweek.

29.  Defendants failed to act in good faith and/or reasonably in their efforts to comply with the FLSA; thus, Plaintiffs are entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

30.  Defendants have willfully failed to pay Plaintiffs minimum wages. Defendants either knew, or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA and failed to act diligently with regard to their obligations as employers under the FLSA.

31.  The acts described in the preceding paragraphs, *supra*, violate the Fair

Labor Standards Act, which prohibits the denial of minimum wage compensation.

32. As a result of Defendant's unlawful conduct, Plaintiffs are entitled to actual and compensatory damages, including the amount of minimum wages which were not paid, but should have been paid.

33. Plaintiffs are entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand Judgment, jointly and severally, against Defendants for the following:

a. Unpaid minimum wages found to be due and owing;

b. An additional amount equal to the amount of unpaid minimum wage found to be due and owing as liquidated damages;

c. Prejudgment interest in the event liquidated damages are not awarded;

d. Reasonable attorneys' fees, costs, expert fees, mediator fees and out of pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure; and,

e. For any such other relief as the Court may find proper, whether at law or in equity.

## COUNT III
## CAUSE OF ACTION:  BREACH OF CONTRACT

34. Plaintiffs re-allege and incorporate herein paragraphs 1-14, *supra*.

35. This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1367.

36. Each Plaintiff and Defendant, 8A ELECTRIC, INC, entered into a verbal employment contract whereby Plaintiffs agreed to be employed by Defendant.

37. Plaintiff, JUAN PABLO ORNELAS, and Defendant agreed Plaintiff to be paid on an hourly basis at the rate of $18.00 per hour.

38. Plaintiff, RAUL ORNELAS, and Defendant agreed Plaintiff to be paid on an hourly basis at the rate of $25.00 per hour.

39. Plaintiff, MARTIN VALLEJO, and Defendant agreed Plaintiff to be paid on an hourly basis at the rate of $19.50 per hour.

40. Plaintiff, FAUSTINA VALLEJO, and Defendant agreed Plaintiff to be paid on an hourly basis at the rate of $18.00 per hour.

41. Pursuant to the terms of the Parties' employment contract, Plaintiffs were to be paid at their hourly rate for all hours worked.

42. Defendant breached the Parties' agreement by not compensating Plaintiffs for all of their hours worked at the appropriate agreed upon rate during the week of November 9, 2018, through November 16, 2018.

43. As a result of Defendant's breach of the Parties' contracts, Plaintiffs

has been damaged.

44. All conditions precedent to this contract have occurred, have been waived or have lapsed.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand Judgment against Defendant, 8A ELECTRIC, INC, for the following:

a. Awarding Plaintiffs their unpaid wages, compensatory damages, attorneys' fees and litigation expenses as provided by law;

b. Awarding Plaintiffs pre-judgment interest as provided by law,;

c. Awarding Plaintiffs such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial on all issues so triable.

Respectfully submitted,

**ROSS LAW GROUP**

*/s/ Charles L. Scalise*
**CHARLES L. SCALISE**
Texas Bar No. 24064621
**DANIEL B. ROSS**
Texas Bar No. 00789810
1104 San Antonio St.
Austin, Texas 78701
Ph: (800) 634-8042
Ph: (512) 474-7677
Fax: (512) 474-5306
charles@rosslawgroup.com

_____

**Kenneth D. St. Pe'**
St. Pe' Law
Louisiana Bar No.: 22638
311 W. University Ave.
Suite A
Lafayette, La. 70506
tel. 337 534 4043
fax. 337 534 8379
kennethstpe@aol.com

**ATTORNEYS FOR PLAINTIFF**